UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHARI MONTGOMERY, | § |
| PLAINTIFF | § |
| v. | § CIVIL ACTION NO 3:17-cv-00033 |
| COLLABERA, INC., | § |
| DEFENDANT | § |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW Plaintiff Chari Montgomery and files this Complaint against Defendant Collabera, Inc. ("Defendant" or "Collabera") and in support thereof would show unto this Honorable Court as follows:

### I. PRELIMINARY STATEMENT

1.1     This is an action for unpaid minimum wage brought pursuant to the Fair Labor Standards Act ("FLSA") and the Texas Labor Code.  This is also an action for common law breach of contract and quasi contract under Texas law.  Ms. Montgomery is employed by Bank of America, NA through her staffing agency, Collabera.   Collabera promised to pay Plaintiff $16.00 an hour, but to date has not paid her any compensation whatsoever, in spite of multiple complaints to both Bank of America and Collabera.

1.2     Plaintiff brings this lawsuit to recover unpaid minimum wage compensation, liquidated damages, attorney's fees, litigation costs, costs of court, and pre-judgment and post-judgment interest under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §

201 *et seq* and the Texas Labor Code. Plaintiff also brings this suit for common law breach of contract and quasi contract.

## II. JURISDICTION AND VENUE

2.1 The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA"). Jurisdiction is further conferred on this Court by 29 U.S.C. § 216(b) and by the provisions of 28 U.S.C. § 1337.

2.2 The Court has personal jurisdiction over Defendant Collabera, Inc. because this entity conducts business in Texas and has entered into relationships with Plaintiff in Texas, and committed actions in Texas that give rise to this cause of action.

2.3 Venue is proper in this judicial district as a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

## III. PARTIES

**A. Plaintiff**

3.1 Plaintiff is an individual residing in Dallas County, Texas.

**B. Defendant**

3.2 Defendant Collabera, Inc. is a foreign corporation with offices throughout the world. Collabera also has offices in Dallas, Texas. Collabera was an employer of the Plaintiff as defined by 29 U.S.C. §203(d). Collabera can be served with process by serving its registered agent for service of process, Blumberg Excelsior Corporate Services, Inc., 814 San Jacinto Blvd., Suite 303, Austin, Texas 78701.

## IV. FLSA COVERAGE

4.1 For purposes of this action, the "relevant period" is defined as such period commencing on

the date that is three years prior to the filing of this action, and continuing thereafter.

4.2     At all relevant times, Defendant has been, and continues to be, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

4.3     At all relevant times, Defendant employed "employees", including Plaintiff, within the meaning of the FLSA, 29 U.S.C. § 203.

4.4     At all relevant times, Defendant employed two or more persons in interstate commerce.

4.5     At all relevant times, Defendant has been an "enterprise" engaged in commerce as defined in 29 U.S.C. § 203.

4.6     At all relevant times, Plaintiff was individually engaged in interstate commerce or in the production of goods for commerce while performing her job duties for Defendant.

4.7     At all relevant times, Defendant has been subject to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

## V.     FACTUAL ALLEGATIONS

5.1     Defendant is a staffing agency.  Defendant contracted with Plaintiff to provide services to Bank America at one of Bank of America's Dallas call centers.

5.2     Defendant and Bank of America jointly employed Plaintiff as an hourly, non-exempt employee.   Plaintiff is not at this time bringing an action against Bank of America.

5.3     While Defendant promised to pay Plaintiff $16.00 an hour for all work performed by Plaintiff, Defendant has never paid Plaintiff any compensation at all.

## VI.     CAUSES OF ACTION

### Failure to Pay Minimum Wage Under the FLSA

6.1     Defendant has violated 29 U.S.C. § 201 *et seq*. by failing to pay Plaintiff minimum wage

for all hours worked during her employment.

6.2     No excuse, legal justification or exemption excuses Defendant's failure to pay Plaintiff minimum wage for all hours worked during her employment.

6.3     In further violation of the FLSA, Defendant has failed to maintain accurate employee pay records, including the number of hours worked per workweek by Plaintiff.

6.4     Defendant has failed to make a good faith effort to comply with the FLSA.  Instead, Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding minimum wage compensation.  Plaintiff is entitled to liquidated damages for such conduct.

6.5     Plaintiff seeks all unpaid minimum wage compensation, and an additional equal amount as liquidated damages, as well as reasonable attorney's fees, costs, and litigation expenses, including expert witness fees, as provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

**Breach of Texas Minimum Wage Act**

6.6     Pleading in the alternative, Plaintiff asserts a cause of action for breach of the Texas Minimum Wage Act.  In so doing, Plaintiff adopts and incorporates herein by reference all preceding paragraphs.

6.7     At all times relevant herein, Defendant was Plaintiff's employer, within the meaning of the Texas Minimum Wage Act, Chapter 62, TEX. LABOR CODE, and Defendant was subject to the requirements of the Texas Minimum Wage Act.  During Plaintiff's employment, Defendant failed to pay Plaintiff the required minimum wage in accordance with the Texas Minimum Wage Act.  Defendant's conduct and practices violated the provisions of the Minimum Wage Act.

6.8    The above-described actions of Defendant violated Plaintiff's rights under the Texas Minimum Wage Act, for which Plaintiff is entitled to relief pursuant to Texas Labor Code §62.201 and §62.205.  As a result of the Defendant's actions, Plaintiff is entitled to the relief specified under Texas Labor Code §62.201 and §62.205, including unpaid minimum wages, liquidated damages, post-judgment interest, costs and attorney's fees.

### Breach of Contract and Quasi Contract

6.9    Alternatively, Plaintiff is entitled to recover damages for Defendant's failure to pay Plaintiff for all hours worked under the Texas common law for breach of contract.

6.10   Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully set forth herein.

6.11    During the course of her employment, Plaintiff and Defendant entered into a valid and enforceable contract regarding payment of her wages in exchange for Plaintiff's services.

6.12   Pursuant to this contract, Defendant was obligated to pay Plaintiff the full amount of her agreed upon compensation every pay period.

6.13   Plaintiff has fully performed all of her contractual obligations.

6.14   Defendant breached this contract by failing to pay Plaintiff all compensation she was owed under the above referenced contract.

6.15   Defendant's breach caused injury to Plaintiff, which resulted in damages.

6.16   Plaintiff seeks unliquidated damages within the jurisdictional limits of this court.

6.17   By virtue of the filing of this Original Complaint, Plaintiff has made presentment to Defendant as per Texas Civil Practice and Remedies Code, § 38.002.

6.18   Plaintiff also seeks to recover damages against Defendant for the full amount of her unpaid wages under the Texas common law for promissory estoppel, unjust enrichment, or money had

and received.

6.19    Alternatively, Defendant owes Plaintiff all unpaid compensation at Plaintiff's full regular rate under *quantum meruit* for services Plaintiff provided directly to Defendant.  Defendant accepted these services under such circumstances that Defendant was reasonably notified that Plaintiff expected to be paid by Defendant.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Chari Mongtomery respectfully prays that Defendant Collabera, Inc. be cited to appear, and that, upon trial of this matter, Plaintiff recover the following against Defendant:

- a.  Actual damages for the full amount of Plaintiff's unpaid minimum wage compensation under the FLSA;

- b.  Liquidated damages in an amount equal to Plaintiff's unpaid minimum wage compensation under the FLSA;

- c.  Actual and liquidated damages, as well as attorneys' fees and costs, for unpaid minimum wages for both Plaintiff under Texas Labor Code §62.201 and §62.205

- d.  Reasonable attorney's fees, costs and expenses of this action, including expert witness costs, as provided by the FLSA and by Chapter 38 of the Texas Civil Practice and Remedies Code and by Texas Labor Code §62.201 and §62.205;

- e.  Unpaid wages for non-overtime hours at Plaintiff's regular rate of pay under her contracts (express or implied) or under any applicable statute;

- f.  Pre-judgment and post-judgment interest at the highest rates allowed by law; and

- g.  Such other and further relief, at law or in equity, as this Honorable Court may find proper.

Respectfully submitted,

 /s/ Douglas B. Welmaker
Douglas B. Welmaker
Attorney-in-Charge
State Bar No. 00788641
DUNHAM & JONES, P.C.
1800 Guadalupe Street
Austin, Texas 78701
Tel: (512) 777-7777
Fax: (512) 340-4051
E-Mail: doug@dunhamlaw.com


Scotty Jones
State Bar No. 00796848
DUNHAM & JONES, P.C.
1110 E. Weatherford Street
Fort Worth, Texas 76102
Tel: (817) 888-8888
Fax:  (817) 810-0050
E-Mail: sjones@dunhamlaw.com

ATTORNEYS FOR PLAINTIFF